Circuit Court of Cuyahoga County.

THE WESTERN RESERVE NATIONAL BANK v. MARY E. CHRISTY ET AL.

Decided, May 22, 1912.

*Exemption in Lieu of Homestead—Judgment Lien—Equitable Interest in Land.*

1. Where real estate in which a judgment debtor has an interest under a land contract is, by agreement of all parties, sold and converted into money in a suit to marshall liens on the property, such liens to be transferred to the fund realized from its sale, the judgment debtor's interest in said fund as exemptions is $500, notwithstanding he occupied the premises as his homestead.
2. A judgment is not a lien upon the judgment debtor's equitable interest in real estate under a land contract for its purchase and possession by him.

*White, Johnson & Cannon,* for plaintiff.

*Ford, Snyder & Tilden, W. A. Granger, Myers & Green* and *M. B. & H. H. Johnson,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

This action is here on appeal. The pleadings and agreed statement of facts on which the case was submitted, disclose that on the 9th day of June, 1911, an involuntary petition in bankruptcy was filed against the defendant, Henry C. Christy, in the United States District Court for the Northern District of Ohio,

Eastern Division, and thereafter he was duly adjudicated a bankrupt; that the defendant, J. C. Logue, is the duly elected and qualified and acting trustee of the estate of the said Henry C. Christy in bankruptcy; that the defendant, the First National Bank of Cortland, Ohio, on the 7th day of July, 1910, recovered a judgment against the said Henry C. Christy in the Court of Common Pleas of Cuyahoga county, on which there remains unpaid the sum of $2,880, with interest from the date of the judgment; that on the 22d day of August, 1910, another judgment for $3,420.63 was rendered in said court in favor of said bank and against said Christy, which, with interest from the date of rendition, is wholly unpaid and in full force and effect; that on the 6th day of March, 1911, an execution was issued on said judgments to the sheriff of Cuyahoga county, who on the 7th day of March, 1911, levied said execution upon the interest of Henry C. Christy in the property described in the cross-petition of the defendant, the First National Bank of Cortland; that prior to the year 1910, Henry C. Christy acquired from Julia Flynn, by assignment, a land contract with Lizzie H. Neff for the purchase of land described in the cross-petition of the defendant, the First National Bank of Cortland, by which said property was to be purchased by Christy for $14,500; that at the time the judgments against Henry C. Christy were rendered in favor of the First National Bank of Cortland, there had been paid on said land contract the sum of $6,500, leaving a balance due on the purchase price of $8,000 and interest; that at all of the times mentioned the said Henry C. Christy and his wife, occupied the dwelling house on the premises embraced in said land contract as their home, and were in full possession of said premises under the land contract, the legal title thereto at all times remaining in Lizzie H. Neff; that while this action was pending in the court of common pleas, the property covered by said land contract and described in the cross-petition of the defendant, the First National Bank of Cortland, was by agreement of all parties to the action, sold for the sum of $12,000 out of which the sum of $9,333.57 was paid to satisfy the claim of Lizzie H. Neff for the balance of the pur-

chase price of the premises, with interest, $500 to the said Henry
C. Christy to apply on his claim for exemptions, and $299.77 for
taxes and other expenses, and the balance, $1,866.73, to J. C.
Logue, trustee of the estate of Henry C. Christy in bankruptcy,
to be held by him subject to the final determination of the issues
in this action; that by said agreement this fund is substituted
for the property sold, and the rights of the parties to this action
are transferred to said fund without in any way prejudicing the
respective claims of the parties to said agreement.

By the terms of the agreement referred to all the parties to
the action, except the First National Bank of Cortland, J. C.
Logue, trustee of the estate of Henry C. Christy in bankruptcy,
Henry C. Christy and Mary E. Christy, abandoned their claims
against the property involved in the action and the fund de-
rived therefrom, and on the hearing in this court counsel for
Mary E. Christy urged no claim on her behalf.

The conflicting claims against the fund which has been sub-
stituted for the real estate, therefore, are those of the defend-
ants, the First National Bank of Cortland, J. C. Logue, trustee,
and Henry C. Christy.

The First National Bank of Cortland claims the entire fund
on the ground that it acquired a lien against the interest of
Henry C. Christy in the real estate described in its cross-peti-
tion, and being that from which the fund was realized, by virtue
of its judgments.

J. C. Logue, trustee in bankruptcy of the estate of Henry C.
Christy, claims the entire fund as a part of the general estate
of the bankrupt, unincumbered by any claims or liens.

Henry C. Christy claims the sum of $500 out of said fund on
the ground that he is a resident of the state of Ohio, and the
head and support of a family, and that the premises from which
the fund was realized were occupied by him as a homestead, and
that he is entitled to receive in lieu thereof upon said sale in
the manner indicated, the sum of $1,000 as homestead exemp-
tions, of which $500 has already been received.

Considering the last mentioned claim first, Section 11730,
General Code is cited, by virtue of which husband and wife

living together, may hold exempt from sale or judgment, or order, a family homestead not exceeding $1,000 in value.

No statutory provision, however, has been cited and none exists, whereby the sum of $1,000 is allowed in lieu of a homestead. If a husband living with his wife has no homestead, he may claim by virtue of Section 11738 of General Code, in lieu thereof and hold exempt from levy and sale, real or personal property not exceeding $500 in value, in addition to chattel property, otherwise by law exempted.

By Section 11737, General Code, it is provided:

"When a homestead is charged with liens, some of which, as against the head of the family or the wife, preclude the allowance of a homestead to either of them, but others of such liens do not, and a sale of such homestead is had, then, after the payment, out of the proceeds of sale, of the liens so precluding such allowance, the balance, not exceeding five hundred dollars, shall be awarded to the head of the family, or the wife, as the case may be, in lieu of such homestead, upon his or her application in person, by agent or attorney."

The claim of the defendant Christy must be disposed of by either section 11737, General Code, or Section 11738, General Code, and in either case, the result is the same. He is entitled to only $500 out of the proceeds of the sale of the property, and this he has already received. We hold, therefore, that he has no right in or claim against the fund in question.

The claim of the First National Bank of Cortland depends upon the determination of the question whether by the rendition of the judgments in its favor against the said Henry C. Christy a lien was created against the real estate, or against Christy's interest therein, held under the land contract with Lizzie H. Neff.

No lien founded upon the execution levied on March 7, 1911, can be asserted because the levy was made within four months prior to the filing of the petition in bankruptcy against Christy, which was followed by his adjudication as a bankrupt. By favor of Section 676 of the bankrupt act of 1898, as repeatedly decided, any lien so acquired would be null and void and the property affected released therefrom.

The ultimate question for decision in this case, therefore, is, does the rendition of a judgment in the court of common pleas create a lien against the equitable interest of the judgment debtor in real estate within the county where the judgment is rendered?

This question has been answered in the negative by our Supreme Court in a number of decisions. As early as 1824 it was held in *Manley* v. *Hunt,* 1 Ohio, 257:

"Where land is sold but not conveyed, it is not affected by a subsequent judgment against the vendor, the vendor holding under a contract, and not having the legal title until after the judgment. An attempt to sell it upon execution, as the land of the vendor, will be restrained by injunction."

In *Schuler* v. *Miller,* 45 O. S., 325, it is said in the opinion of the court, at page 331:

"The provision of the statute regulating judgments, that the lands and tenements within the county where the judgment is entered, shall be bound for the satisfaction thereof from the first day of the term at which the judgment is rendered, is applicable only to legal interest in lands and tenements, to such interests as can be sold upon execution. The defendant or judgment debtor must have a legal title in order that the judgment may operate as a lien."

In *Warner* v. *York,* 1 C.C.(N.S.), 73, decided by this court in 1903, paragraphs 4 and 5 of the syllabus read:

"4. An equitable interest in lands can not be reached by an attachment upon said lands.

"5. Nor does a judgment against the holder of an equitable interest in lands become a lien upon said lands."

Unless the amendment of 1880 to Section 5374, R. S., now Section 11655, General Code, has changed the law on this subject, the rule must be considered as established, that a judgment does not create a lien upon an equitable interest in land, but attaches only to the legal title in lands and tenements.

Section 11655, General Code, now reads:

"The lands and tenements, including vested interests therein, permanent leasehold estates renewable forever, and goods and

chattels not exempt by law shall be liable to be taken on execution and sold as hereinafter provided."

By the amendment referred to, the words "including vested interests therein" were inserted after the words "lands and tenements" and it is contended on behalf of the bank that Christy's interest in the real estate under the land contract was a vested interest, and, by virtue of Section 11656, General Code, which refers to "such lands and tenements" and makes them subject to a judgment rendered against the owner, his interest in the land became bound for the satisfaction of the judgments rendered against him.

Whatever the expression, "including vested interests therein," may mean, we do not think that its insertion in the statute has modified the rule long established in this state that the lien of a judgment does not attach to an equitable interest or estate in land.

The decision in *National Bank of Columbus* v. *Tenn. Coal, Iron & R. R. Co.*, 62 O. S., 571, does not, in our opinion, indicate any change of view on the part of the Supreme Court. The decision there announced was founded upon the finding that the judgment debtor had a legal and not an equitable title in the real estate involved, and therefore the judgment became a lien against said real estate.

In accordance with the conclusions here announced, the cross-petition of the defendant, Henry C. Christy, and that of the defendant, the First National Bank of Cortland, will be dismissed, and the fund in question is found and decreed to be the property of the defendant, J. C. Logue, trustee in bankruptcy for Henry C. Christy, free and clear of any claims or liens asserted by the other parties hereto.